```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
ADRIENNE MARTIN and           :    CIVIL ACTION
FLORENCE MARTIN               :
                              :
     v.                       :
                              :
ROBERT DAVIS                  :    NO. 06-cv-1121-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                         July 31, 2007

        Plaintiffs brought this action to recover damages sustained in an automobile accident which occurred on May 13, 2005.  Plaintiff Adrienne Martin was driving her mother, Florence Martin, and another relative from their home in Virginia, to attend a nephew's college graduation.  As they approached the intersection of Gulf Road and Route 202, intending to make a right turn into the intersecting highway, the defendant's vehicle was about to enter the highway from the parking lot of a Wawa store.  The defendant, noting that Ms. Martin's right turn signal was activated, incorrectly assumed that she was about to enter the Wawa store, rather than the nearby highway.  He pulled out onto the highway, and the two vehicles collided.  The left front of the Davis vehicle struck the right front of the Martin vehicle.

        At trial, the defendant conceded that Mr. Davis was negligent, and I concluded that there was no valid basis for a finding of contributory negligence on the part of the plaintiff

driver; the only issue for the jury to resolve was the question of damages. After a two-day trial, the jury found in favor of Florence Martin in the sum of $600, and awarded plaintiff Adrienne Martin zero dollars. Plaintiffs now seek post-trial relief.

Plaintiffs contend that the verdict was against the weight of the evidence. Adrienne Martin testified that, at the time of the impact, her right knee flew up and struck the dashboard, causing a torn meniscus and other injuries. Her mother, Florence Martin, struck her head and shoulder against the back of the front seat. She was taken by ambulance to a nearby hospital, where she was detained for several hours. As to both ladies, their treating physicians verified the extent of their respective injuries, and their accounts of post-accident medical care.

I have concluded that a new trial should be ordered. While a reasonable jury could decide that some of the harm Adrienne Martin experienced was the result of pre-existing conditions, and not caused by this accident, the overwhelming evidence was to the effect that she did in fact sustain some physical injury in the accident, and undoubtedly sustained significant interference with her life. She sustained the fright and shock of the accident itself, and was deprived of the pleasure of attending her relative's graduation. Moreover,

although she had sustained an injury to her left knee a couple of years earlier, the evidence as a whole makes clear that it was her right knee which was injured in this accident, and her right knee for which she has been treated since the accident. In my view, the jury could not reasonably conclude that she sustained no damages whatever in this accident.

As to the plaintiff Florence Martin, I conclude that $600 is a grossly inadequate award. There was no significant dispute about the extent of her injuries. Moreover, even if it were concluded that she sustained no significant after-effects, for an elderly lady to be transported by ambulance to hospital, kept there until 2:00 a.m., and required to undergo subsequent MRI evaluation, sufficed, in my view, to require a greater award than $600.

Quite apart from the question of the adequacy of the jury's award, I am satisfied that the jury's verdict was tainted by the manner in which the case was tried, and the numerous errors which went unnoticed. Plaintiffs were prejudiced by the fact that their counsel made no claim for property damage or medical expenses, and made no effort to satisfy the jury's probable curiosity about those matters. Neither counsel nor the court explained to the jury that issues concerning the damage to plaintiff's car and the medical expenses sustained were being adjusted elsewhere. (Actually, as I now understand it,

defendant's liability insurance company paid the property damage claim directly to plaintiff's insurer.  The record contains no information as to who paid the medical expenses, except that the plaintiffs did not personally make those payments.)  I do not suggest that this circumstance alone would warrant post-trial relief, but it forms a part of the overall picture.

Of greater importance, defense counsel's cross-examination of the plaintiffs was excessively argumentative, mis-stated the evidence, and made it difficult for the jury to distinguish between what the evidence actually was, and what counsel purported to believe the evidence should have been.

It did not occur to counsel for either side to move for judgment as a matter of law at the close of the evidence.  Before closing arguments began, however, I made clear that, since defendant's negligence was conceded and there was no evidence of contributory negligence, the only issue to be decided by the jury would be the damages issue. Defense counsel nevertheless proceeded to devote a major portion of his closing argument to suggesting (1) that plaintiff Adrienne Martin was partially at fault for the accident, since she was not familiar with the area in question; (2) that plaintiff should not have been driving the car that night because, in 1999, she had sustained a detached retina which impaired her vision at the time (but not at the time of the accident); and (3) that the defendant driver should be

4

commended for conceding his negligence, whereas Ms. Martin was unwilling to admit her own fault. Even though plaintiffs' counsel (remarkably) failed to object to any of these misdeeds, I now conclude that the court should have taken corrective action at the time.

I also feel constrained to note that, although the court's charge was not objected to in any material respect by either counsel, the charge is vulnerable to the criticism that "pain and suffering" was not adequately defined as including emotional distress as well as physical pain.

Upon assessment of the entire record, I conclude that the appropriate remedy is a new trial, limited, of course, to plaintiffs' damages.

An Order follows.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ADRIENNE MARTIN and            :       CIVIL ACTION
FLORENCE MARTIN                :
                               :
      v.                       :
                               :
ROBERT DAVIS                   :       NO. 06-cv-1121-JF
```

ORDER

          AND NOW, this 31st day of July, 2007, upon consideration of post-trial motions, IT IS ORDERED:

          That the verdict of the jury is SET ASIDE, and a new trial is GRANTED.

```
                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam,  Sr. J.
```